# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:15CR00018-004 |
| v. | ) **OPINION** |
| | ) |
| **ROBERT CHRISTOPHER RAINEY,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Donald F. Samuel, Atlanta, Georgia, for Defendant.*

The defendant has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, and the motion is ripe for decision. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

I.

The defendant was sentenced by this court on January 5, 2017, to a total term of 156 months imprisonment after pleading guilty pursuant to a written Plea Agreement to conspiring to possess with the intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. The Sentencing Guidelines advisory range was 97 to 121 months imprisonment, which was recommended jointly by the parties. However, the court sentenced Rainey to 156 months, focusing on his substantial history of

drug offenses. After sentencing, Rainey noted an appeal which was dismissed, the court of appeals finding Rainey had waived his right to appeal. *United States v. Rainey*, No. 17-4026 (4th Cir. Oct. 19, 2017).

In his § 2255 motion, the defendant contends that his sentence was not reasonable, violated the Due Process Clause, and was cruel and unusual punishment in violation of the Eighth Amendment.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted). An appellate waiver is valid if the defendant knowingly agreed to the waiver. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir.

2012). A defendant who waives his right to appeal a guilty plea "retains the right to obtain appellate review of his sentence on certain limited grounds." *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994). Those "limited grounds" include the Sixth Amendment right to counsel and a claim that the defendant's sentence exceeds the statutory maximum. *United States v. McCoy*, 895 F.3d 358, 363 (4th Cir. 2018).

### III.

Rainey's claims have been waived, and his sentence cannot be collaterally attacked. In his Plea Agreement, Rainey acknowledged that he had waived the right to collaterally attack his sentence other than to raise a claim of ineffective assistance of counsel. Plea Agreement 9, ECF No. 391. In his Motion to Vacate, Rainey acknowledges that he signed an appeal waiver and a waiver of collateral attack. 2255 Mot. 4–5, ECF No. 777. During his plea hearing, Rainey indicated that he understood he was waiving the right to collaterally attack the judgment and sentence that the court would impose. Plea Hr'g Tr. 15, ECF No. 704. Rainey also admitted that he had fully discussed the Plea Agreement with his attorney. *Id.* at 9. Rainey has not offered any evidence to show that his § 2255 motion should not be barred by his waiver of his right to collateral attack his sentence.

Rainey's claim is also procedural defaulted. When Rainey appealed his sentence, he did not raise the constitutional claims that he raises in this petition.

Federal prisoners are barred from raising claims on collateral review that could have been raised on direct appeal. *See Davis v. United States*, 417 U.S. 333, 345 (1974). In order to raise a procedurally defaulted claim, the defendant must show cause and prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Rainey has not offered any evidence to support either exception.

Even if his claims had not been waived and procedurally defaulted, Rainey's § 2255 motion would fail on the merits. Rainey attacks his sentence because it exceeded the advisory guideline range. However, his sentence does not exceed the statutory maximum. Prior to sentencing, Rainey was informed about the maximum potential sentence. During his plea hearing, the court told him that the maximum possible sentence was 40 years imprisonment. Plea Hr'g Tr. at 16-17. During that same hearing, the court informed him that he could receive a sentence greater than that recommended by the guidelines or the parties. *Id.* at 18-19.

While Rainey claims that his sentence is unconstitutional, he does not offer any support for the proposition that a sentence exceeding the guidelines violates either the Fifth or Eighth Amendments. In order for a sentence to violate the Eighth Amendment, it must be grossly disproportionate to the crime. *United States v. Cobler*, 748 F.3d 570, 575 (4th Cir. 2014). Rainey has not shown that his sentence meets that standard.

Nor has Rainey shown that he was denied due process. He only claims that his sentence was unreasonable. His sentence, however, did not exceed the statutory maximum. The sentencing judge must ultimately consider multiple factors in determining the sentence and explain the reasoning underlying the sentence, particularly if the sentence is outside the guidelines. *United States v. Green*, 436 F.3d 449, 455–56 (4th Cir. 2006). During the sentencing hearing, the court gave a number of reasons for Rainey's above-guidelines sentence. Sentencing Hr'g Tr. 9-13, ECF No. 686.

Although Rainey criticized the court for relying on convictions that were not included in the calculation of his criminal history category, courts may consider convictions too old to be included in the calculation of criminal history points when imposing a sentence outside the guidelines. *United States v. McCoy*, 804 F.3d 349, 352 (4th Cir. 2015). Rainey notes that his sentence was 30% above the guideline range. However, the Fourth Circuit has said that, in reviewing sentences, reasonableness is not "determined by a strict mathematical comparison." *United States v. Tucker*, 473 F.3d 556, 564 (4th Cir. 2007). Instead, conducting a reasonableness analysis involves looking at the "particular case at hand." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009). Rainey fails to demonstrate that his sentence was unreasonable.

IV.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: August 19, 2019

/s/ James P. Jones
United States District Judge